IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA

8:04CV 1973=T24
MAP

John French,

Plaintiff,

v.

Twisted Sisters, Inc. (d/b/a Twisted Sisters and
as Twisted Sisters Gift Gallery), Sandra S. Landon,
Michele K. Whitney, and John C. Landon,

Defendants.

Civil Action No.

### PLAINTIFF'S COMPLAINT

Plaintiff John French, through his attorneys, complains of Defendants and alleges as follows:

### NATURE OF THE ACTION

1.     This is an action for: (1) infringement of Plaintiff's federally registered trademark under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); (2) federal false designation of origin and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (3) federal trademark dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); (4) federal cyberpiracy under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d); (5) common law trademark infringement and infringement under § 495.131 of the Florida Statutes; and (6) trademark dilution under § 495.151 of the Florida Statutes; all caused by Defendant's unauthorized use of Plaintiff's famous and distinctive TWISTED SISTER® trademark.

TD 28985
$150

PARTIES

2.     Plaintiff John French (hereinafter "French") is an individual residing in the State of New York having a place of business at 165 West 91st Street, Suite 6A, New York, New York 10024.

3.     Upon information and belief, Defendant Twisted Sisters, Inc. d/b/a Twisted Sisters and as Twisted Sisters Gift Gallery (hereinafter "Twisted Sisters") is a corporation organized and existing under the laws of the State of Florida and having a place of business at 2560 McMullen Booth Road, Clearwater, Florida 33761.

4.     Upon information and belief, Defendant Sandra S. Landon (hereinafter "Sandra Landon") is the President of Twisted Sisters residing at 2827 Country Woods Lane, Palm Harbor, Florida 34683 and having a place of business at 2560 McMullen Booth Road, Clearwater, Florida 33761.

5.     Upon information and belief, Defendant Michele K. Whitney (hereinafter "Michele Whitney") is the Vice President of Twisted Sisters residing at 3545 135th Street North, Seminole, Florida 33776 and having a place of business at 2560 McMullen Booth Road, Clearwater, Florida 33761.

6.     Upon information and belief, Defendant John C. Landon (hereinafter "John Landon") is an officer, principal, and/or managing agent of Defendant Twisted Sisters, and is the administrative contact, registrant and/or owner of the Internet domain names "twistedsisters.com" and "twistedsistersgiftgallery.com" utilized by the associated corporate Defendant in connection with the wrongful activities as set forth herein.  Upon

further information and belief, John Landon has a place of business at 31622 US 19 North, Palm Harbor, Florida 34684.

## JURISDICTION AND VENUE

7.    This Court has jurisdiction over the subject matter of this action because the action arises under the Federal Trademark Act 15 U.S.C. § 1051 *et seq.,* jurisdiction being conferred in accordance with 28 U.S.C. §§ 1331 and 1338(a).

8.    This Court has jurisdiction over the subject matter of the Florida State causes of action under 28 U.S.C. §§ 1338(b) and 1367(a).   The State causes of action are substantially related and arise from a common nucleus of operative fact as the Federal Trademark causes of action over which this Court has original jurisdiction.

9.    Venue is proper under 28 U.S.C. §§ 1391(b) and/or 1391(c) in that each of the Defendants reside in this District and/or a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTS COMMON TO ALL COUNTS

10.    French is an original member of the famed musical group "Twisted Sister" and owner of the valid and subsisting U.S. Trademark Registration No. 1,098,366 issued on August 1, 1978 for use in connection with entertainment services rendered by a vocal and instrumental group. (Exhibit A).

11.    French, through the corporate entity Rebellion Music, Inc. located at 165 West 91st Street, Suite 6A, New York, New York 10024, licenses and enforces the exclusive rights in and to the TWISTED SISTER mark.

3

12.     Since at least as early as 1973, and long prior to the acts of Defendants, French, his musical group, and other authorized persons and licensees, have continuously used the coined, inherently distinctive mark TWISTED SISTER in connection with, *inter alia*, bumper stickers, illuminated calendars, notebooks, portfolios, pencils, paper stickers, pressure sensitive stickers, unframed concert art prints, posters, photographs, postcards, greeting cards, programs, books, leather wristbands, leather legbands, leather armbands, leather pouches, headbands, T-shirts, French-cut T-shirts, muscle T-shirts, long-sleeve T-shirts, tank tops, satin garments, jackets, jerseys, children's wear, key fobs, camisoles, sweatshirts, bandanas, transfers, patches, English style square badges, emblems, canvas wallets, hats, visors, buttons, framed concert art prints, mirrors, Lucite key chains, enamel pins, magnets, metal key chains, metal belt buckles, pendants, wrist chains, fabric wall hangings, records, cassettes (audio and video), compact discs, and entertainment services rendered by a vocal and instrumental group.

13.     French and the "Twisted Sister" musical group have released at least 17 full album sound recordings since 1973 under the TWISTED SISTER mark, which have been distributed and sold throughout the United States and worldwide.   French and the "Twisted Sister" musical group have sold millions of dollars worth of sound recordings under the TWISTED SISTER mark. One album, "Stay Hungry," received a triple Multi-Platinum® award from the Recording Industry Association of America (RIAA), indicating sales of over 6 million albums in the U.S.  Two other albums, "Come Out and Play" and "You Can't Stop Rock 'n Roll" each received Gold® awards, indicating sales of over 1 million albums.  Substantial amounts have been expended in advertising and

promoting live performances and sound recordings under the TWISTED SISTER mark throughout the entire United States, including the State of Florida.

14.     French and the "Twisted Sister" musical group have performed several thousand concerts throughout the entire United States and worldwide under the TWISTED SISTER mark and continue to perform such concerts enjoying considerable success, fame and recognition under the TWISTED SISTER mark.

15.     French has acquired substantial goodwill in the mark TWISTED SISTER through regular and substantial advertisements bearing the mark, substantial sales of products bearing the mark, and services provided in conjunction with the mark.

16.     The purchasing public, as well as the trade and industry, have come to know and to recognize the TWISTED SISTER mark as exclusively identifying the goods and services of French and the "Twisted Sister" musical group.

17.     French is the owner and registrant of the domain name "twistedsister.com." French operates a web site at "twistedsister.com" which prominently displays the TWISTED SISTER mark, as well as photographs of the "Twisted Sister" musical group, articles of interest, and merchandise bearing the TWISTED SISTER trademark.

18.     It is common practice for companies and individuals in adopting domain names to combine their trade name or trademark as a prefix with the suffix ".com" to identify a service provider of a commercial nature.

19.     On or about January 1, 2004, French became aware of the Internet domain name "twistedsisters.com" owned by Defendant, John Landon, and used in association with the TWISTED SISTERS corporate Defendant and its officers in connection with a "gift gallery." (Exhibit B).

20.     On or about January 12, 2004, counsel for French sent a letter to John Landon requesting that John Landon cease and desist all use of the "twistedsisters.com" domain name, and further requesting that the domain name be transferred to French.  (Exhibit C).

21.     On or about January 23, 2004, John Landon replied with a statement that Twisted Sisters had registered and intends to use the domain "twistedsistersgiftgallery.com." (Exhibit D).

22.     On or about April 23, 2004, counsel for Twisted Sisters, H. William Larson, sent a letter stating that Defendants intended to continue using their trade name Twisted Sisters, as depicted in the enclosed photograph. (Exhibits E and F).

23.     Defendants are using the entirety French's famous and distinctive TWISTED SISTER mark within their domain names "twistedsisters.com" and "twistedsistersgiftgallery.com," and as part of web pages offered at the same Internet addresses.

24.     Upon information and belief, John Landon is the administrative contact for the domain names "twistedsisters.com" and "twistedsistersgiftgallery.com" and Defendants Twisted Sisters, Sandra Landon and Michele Whitney, are authorized licensees of the domain names. (Exhibit G).

25.     The domain names "twistedsisters.com" and "twistedsistersgiftgallery.com" are identical, confusingly similar to, and dilutive of French's TWISTED SISTER mark in that the entirety of the TWISTED SISTER mark is incorporated into the aforesaid addresses.

26.     The term "gift gallery" is merely descriptive of Defendant, Twisted Sisters', business services.

27.     Upon    information    and    belief,    in    registering    the    domain    names "twistedsisters.com" and "twistedsistersgiftgallery.com" Defendants had a bad faith intent to profit from French's trademark of the words TWISTED SISTER.

28.     Defendants have purposefully promoted their web sites and goods in such a way so as to create a false association between French, his famous musical group, and Defendants.

29.     Defendants are not entitled and have never been authorized by French to use the mark TWISTED SISTER or any colorable imitation thereof in connection with any business, goods or services.

30.     Despite being placed on notice of their violations of French's rights, Defendants continue to offer goods and refuse to relinquish the rights in and to the terms "Twisted Sisters,"   "Twisted   Sisters   Gift   Gallery,"   "twistedsisters.com"   and "twistedsistersgiftgallery.com."

31.     Defendants' use of the TWISTED SISTER mark in connection with the promotion of their gift gallery and Internet services is likely to cause confusion, mistake or deception as to the sponsorship thereof.  Consumers are likely to mistakenly believe that French has authorized, sponsored or otherwise approved of Defendants' use.

32.     Defendants' use of the TWISTED SISTER mark in connection with the promotion of their gift gallery and Internet services lessens, and will continue to lessen, the distinctive quality of French's TWISTED SISTER mark.

33.     Upon information and belief, Defendants have performed the acts complained of herein willfully, in bad faith, and with the knowledge of infringement and dilution they would cause for the purpose of unfairly trading upon French's good will in the TWISTED SISTER mark.

34.     French has been and continues to be injured by Defendants' unlawful acts within the State of Florida and this judicial District.

COUNT I

FEDERAL TRADEMARK INFRINGEMENT

35.    French repeats and realleges each of the allegations contained in paragraphs 1-34 of this Complaint as set forth fully herein.


36.    Defendants' use, threatened future use and claim of ownership of the "twistedsisters.com" and "twistedsistersgiftgallery.com" domain names and their use of the TWISTED SISTERS mark and trade name in connection with the promotion and sale of goods, infringes French's exclusive rights in his federally registered mark TWISTED SISTER in violation of 15 U.S.C. § 1114(1) in that the public is likely to be confused, deceived, or mistaken as to the source or sponsorship of Defendants' goods offered under the TWISTED SISTERS trade name, mark and domain names, or mistakenly believe that Defendants' goods or promotional information presented in connection therewith emanate from or are authorized by French.


37.    Upon information and belief, Defendants' infringements of French's mark are willful and deliberate with the intent to unfairly trade upon the benefit of French's goodwill.


38.    As a result of the Defendants' acts as alleged herein, French has suffered and will continue to suffer damage to his business, goodwill and reputation.


9

39.     French has no adequate remedy at law.

## COUNT II

### FEDERAL UNFAIR COMPETITION
### AND FALSE DESIGNATION OF ORIGIN

40.     French repeats and realleges each of the allegations contained in paragraphs 1- 39
of this Complaint as set forth fully herein.

41.     The aforesaid acts of Defendants are likely to cause confusion, mistake or
deception among the purchasing public as to the source, sponsorship or origin of goods
offered in connection with Defendants' TWISTED SISTERS mark, trade name and
domain names as set forth herein, in that purchasers are likely to believe that Defendants'
goods originate from or are approved or sponsored by French in violation of Section
43(a) of the Trademark Act, 15 U.S.C. § 1125(a).

42.     Upon information and belief, the aforesaid acts of Defendants were undertaken
willfully and deliberately with the intent to unfairly trade upon the benefit of French's
goodwill.

43.     As a result of the Defendants' acts as alleged herein, French has suffered and will
continue to suffer damage to his business, goodwill and reputation.

44.     French has no adequate remedy at law.

10

## COUNT III

### FEDERAL TRADEMARK DILUTION

45.    French repeats and realleges each of the allegations contained in paragraphs 1- 44 of this Complaint as set forth fully herein.

46.    As a result of the inherent distinctiveness of the TWISTED SISTER mark, the extent and duration of its use by French and the "Twisted Sister" musical group, the geographic scope and extent of its use in connection with goods and services offered by French, the "Twisted Sister" musical group and authorized licensees, as well as the advertising, publicity and consumer recognition associated with the "Twisted Sister" musical group and associated mark, the TWISTED SISTER mark has become famous and had become famous long prior to its unauthorized adoption and use by Defendants.

47.    Upon information belief, Defendants were aware of French's TWISTED SISTER mark and willfully intended to trade on the reputation associated therewith and to dilute and tarnish the distinctiveness of the TWISTED SISTER mark.

48.    French has no control over the nature and quality of the products sold by Defendants. Any failure or neglect by Defendants in providing such goods is likely to have an adverse impact on French and hamper his future ability to continue to protect the reputation for high quality associated with the TWISTED SISTER mark, resulting in a

loss of sales and the ability to promote and license the mark, causing irreparable harm to French.

49.      Defendants' unauthorized use of French's famous TWISTED SISTER mark does and will continue to dilute the distinctive quality of said mark and will diminish and destroy the goodwill and public association of TWISTED SISTER with French and the "Twisted Sister" musical group in violation of 15 U.S.C. § 1125(c).

50.      As a result of the Defendants' acts as alleged herein, French has suffered and will continue to suffer damage to his business, goodwill and reputation.

51.      French has no adequate remedy at law.

### COUNT IV
### FEDERAL CYBERPIRACY

52.      French repeats and realleges each of the allegations contained in paragraphs 1- 51 of this Complaint as set forth fully herein.

53.      The aforesaid acts of Defendants in registering the domain names "twistedsisters.com" and "twistedsistersgiftgallery.com," are likely to cause confusion, mistake or deception among the purchasing public as to the source, sponsorship or origin of goods offered in connection with Defendants.  Such unauthorized use of said domain names tends to and will continue to dilute the distinctive quality of the TWISTED SISTER mark and will diminish and destroy the goodwill and public association

therewith, in that the public is likely to believe that Defendants are approved, sponsored by or affiliated with French or the "TWISTED SISTER" musical group in violation of 15 U.S.C. § 1125(d).

54.     In     registering     the     domain     names     "twistedsisters.com"     and "twistedsistersgiftgallery.com," long after the federally registered TWISTED SISTER mark had become famous, Defendants' had a bad faith intent, as provided in 15 U.S.C. §1125(d), to profit from French's famed and distinctive TWISTED SISTER mark.

55.     The domain names "twistedsisters.com" and "twistedsistersgiftgallery.com," by incorporating the entirety of the TWISTED SISTER mark, are confusingly similar to and dilutive of the TWISTED SISTER mark.

56.     Defendants had no reasonable grounds to believe that the registration and use of the aforesaid domain names, incorporating the distinctive TWISTED SISTER mark, was fair or otherwise lawful.

57.     As a result of the Defendants' acts as alleged herein, French has suffered and will continue to suffer damage to his business, goodwill and reputation.

58.     French has no adequate remedy at law.

## COUNT V

## COMMON LAW AND FLORIDA
## STATUTORY TRADEMARK INFRINGEMENT

59.     French repeats and realleges each of the allegations contained in paragraphs 1- 58 of this Complaint as set forth fully herein.

60.     As a result of French's use of TWISTED SISTER in connection with a wide variety of goods and services as set forth herein, Defendants' use, threatened future use and claim of ownership of the "twistedsisters.com" and "twistedsistersgiftgallery.com" domain names and their use of the TWISTED SISTER mark and trade name in connection with the promotion and sale of goods, is likely to confuse the public as to the origin, source, or sponsorship of Defendants' goods offered under the TWISTED SISTER trade name, mark and domain names, or cause the public to mistakenly believe that Defendants' goods or promotional information presented in connection therewith emanate from or are authorized by French in violation of French's rights in his famous mark under the common law of Florida and Section 495.131 of the Florida Statutes.

61.     Upon information and belief, Defendants' infringements of French's trademark are willful and deliberate with the intent to unfairly trade upon the benefit of French's goodwill.

14

62.    As a result of the Defendants' acts as alleged herein, French has suffered and will continue to suffer damage to his business, goodwill and reputation.

63.    French has no adequate remedy at law.

COUNT VI

STATUTORY TRADEMARK DILUTION

64.    French repeats and realleges each of the allegations contained in paragraphs 1- 63 of this Complaint as set forth fully herein.

65.    As a result of the inherent distinctiveness of the TWISTED SISTER mark, the extent and duration of its use by French and the "Twisted Sister" musical group, the geographic scope and extent of its use in connection with goods and services offered by French, the "Twisted Sister" musical group and authorized licensees, as well as the advertising, publicity and consumer recognition associated with the "Twisted Sister" musical group and associated mark, the TWISTED SISTER mark has become famous and had become famous long prior to its unauthorized adoption and use by Defendants.

66.    Upon information belief, Defendants were aware of French's TWISTED SISTER mark and willfully intended to trade on the reputation associated therewith and to dilute and tarnish the distinctiveness of the TWISTED SISTER mark.

67.    French has no control over the nature and quality of the products sold by Defendants.  Any failure or neglect by Defendants in providing such goods is likely to have an adverse impact on French and hamper his future ability to continue to protect the reputation for high quality associated with the TWISTED SISTER mark, resulting in a loss of sales and the ability to promote and license the mark, causing irreparable harm to French.

68.    Defendants' unauthorized use of French's famous TWISTED SISTER mark tends to and will continue to dilute the distinctive quality of said mark and will diminish and destroy the goodwill and public association of TWISTED SISTER with French and the "Twisted Sister" musical group in violation of Florida's Anti-Dilution Statute § 495.151.

69.    As a result of the Defendants' acts as alleged herein, French has suffered and will continue to suffer damage to his business, goodwill and reputation.

70.    French has no adequate remedy at law.

WHEREFORE, French prays for relief as follows:

  (1)    That Defendants', its agents, and all others in active concert or participation therewith, be permanently enjoined and restrained from using TWISTED SISTER or any colorable imitation thereof, however spelled, punctuated, abbreviated, singular or plural, stylized, whether used alone or in

combination with any other words, punctuation, symbol or otherwise, in whole or in part, without authorization from French.

(2) Directing that Defendants immediately cease use of the "twistedsisters.com" and "twistedsistersgiftgallery.com" domain names on the Internet and that they forfeit or otherwise give up any and all registrations, claims and right to use said Internet addresses or any other address incorporating "TWISTED SISTER" or any colorable imitation thereof, however spelled, punctuated, abbreviated, singular or plural, stylized, whether used alone or in combination with any other words, punctuation, symbol or otherwise, in whole or in part, and transfer or otherwise turn over such registrations to French.

(3) Defendants be required to pay French all damages suffered by reason of Defendants' use of its TWISTED SISTERS and French's mark.

(4) Defendants be required to account for and pay French all profits wrongfully derived by Defendants through use of French's mark.

(5) Directing Defendants to deliver up for destruction of all unauthorized labels, signs, invoices, advertising materials, packaging materials, and all other material in their possession and control bearing the TWISTED SISTER mark or any colorable imitation thereof.

17

(6)    An award to French of his costs and attorneys' fees pursuant to 15 U.S.C. § 1117.

(7)    Such further relief as is deemed just and proper in the circumstances.

Dated:        Tampa, FL
              August 30, 2004

By:    _____
       Joryn Jenkins, Trial Counsel
       Florida Bar Identification No. 366072
       **Joryn Jenkins & Associates**
       Attorneys for Plaintiff
       3839 West Kennedy Boulevard
       Tampa, FL  33609
       (813) 870-3839
       (813) 877-3839 FAX

Of Counsel:

       Fritz L. Schweitzer III
       **SCHWEITZER CORNMAN
       GROSS & BONDELL LLP**
       Attorneys for Plaintiff
       292 Madison Avenue
       19th Floor
       New York, New York 10017
       (646) 424-0770
       (646) 424-0880 FAX