**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| JOHN FRENCH, : | |
| : | |
| Plaintiff : | 8:04-cv-1973-T-24MAP (wlb) |
| : | |
| v. : | |
| : | STIPULATED PROTECTIVE |
| TWISTED SISTERS, INC., (d/b/a : | ORDER GOVERNING THE |
| Twisted Sisters and as Twisted Sisters : | PRODUCTION OF CONFIDENTIAL |
| Gift Gallery), SANDRA S. LANDON, : | INFORMATION |
| MICHELLE K. WHITNEY, and : | |
| JOHN C. LANDON, : | |
| : | |
| Defendants. : | |
| : | |

Pursuant to the stipulation of the parties and Rule 26, Federal Rules of Civil Procedure, IT IS HEREBY ORDERED THAT:

1. This Protective Order shall apply to all information, documents, premises, and things which are produced or made available during the course of discovery in this case, and which are owned or in the custody or control of Plaintiff or Defendants, or of any parent, subsidiary, division, branch, and affiliate of either party, or of any other parties added or substituted into this case, including, without limitation, testimony at depositions upon oral examination pursuant to Rule 30, answers to interrogatories pursuant to Rule 33, documents produced pursuant to Rule 34, and information obtained from inspection of things pursuant to Rule 34.

2. With respect to all information, documents, and things which are subject to discovery in this case in whatever form produced, disclosed, or contained (hereinafter,

"information and materials"), whether or not any or all of the same is designated by one party as containing or disclosing Confidential Information of that party, both parties agree that all such information and materials produced by the other party or a third party will be used exclusively for the purpose of prosecuting or defending the present litigation and will not be used for any other purpose whatsoever.

3. Any party (the "producing party") shall have the right to designate as "CONFIDENTIAL" or as "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" any material that it believes, in good faith, constitutes confidential business information and/or trade secrets relating to its business or furnished to it in confidence by third parties, which information is not generally known and which that party would normally not reveal to third parties or, if disclosed, it would cause such third parties to maintain in confidence. Material so designated is hereinafter collectively referred to as "Confidential Information." Except with the prior written consent of the producing party or upon prior Order of this Court, Confidential Information shall not be disclosed except in accordance with the terms, conditions and restrictions of this Protective Order.

The designation "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" shall apply only to business and marketing plans, product research and development, financial information and any other Confidential Information which the producing party in good faith believes will harm the competitive position of the producing party if it becomes known to a person or party other than counsel for the receiving party.

4. Confidential Information shall be designated in the manner specified in paragraph 3 when an answer to an interrogatory or an answer to a request for admission is served, when a document is produced, filed or served or when an inspection of premises or things is allowed. Original documents produced to the opposing party for inspection and copying need not be so marked at the time of such inspection, but any copies of documents thereafter delivered to the opposing party shall be so marked at the time of delivery. With

respect to transcript pages, the designating party will advise the opposing party of the specific pages to be maintained confidential within ten (10) days after the receipt of the transcript. During this ten (10) day period, the entire transcript will be deemed to contain Confidential Information. If discovery or testimony is being conducted on a schedule which might require such designation more quickly, the parties will in good faith seek to agree to an appropriate designation period of shorter duration. Unless designated substantially in accordance with paragraph 3 and this paragraph, any confidentiality is waived unless otherwise stipulated or ordered.

5. With respect to information and materials inadvertently produced by a party as to which the party failed to assert a claim of confidentiality, attorney-client privilege or work product immunity, assertion of such claims shall be made as soon as practicable after learning of the inadvertent disclosure. On notice to the other party, a party may seek return of information and materials which were inadvertently produced as to which a claim of confidentiality, privilege or immunity is asserted, but if the other party contests such claim, the producing party shall have the burden of seeking an order of the Court with respect to the information and materials in question. It shall not be grounds for the retention of the information and materials in question that they had been inadvertently produced.

6. Subject to the provisions of paragraph 8 herein, material designated CONFIDENTIAL, and any summary, description, analysis or report containing such Confidential Information, may be disclosed only to the following persons:

   (a) the Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

   (b) independent experts or consultants of the receiving party who are not and have not been an employee of a party or of an affiliated company of a party and

who have been retained by counsel to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

  (c)  officers or employees of the receiving party with whom outside counsel of record for a receiving party believes he or she needs to consult solely for purposes of prosecuting, defending, and/or appealing this litigation;

  (d)  in-house counsel for the receiving party who shall be identified to the producing party; and

  (e)  the parties' counsel of record as specifically set forth below, and any other counsel for a party that appears in this action, and their paralegal assistants, law clerks, stenographic and clerical employees who are assisting in the prosecution, defense and/or appeal of this action.

  For Plaintiff:

  Fritz L. Schweitzer III
  SCHWEITZER CORNMAN GROSS & BONDELL LLP
  292 Madison Avenue – 19th Floor
  New York, NY  10017
  ph. (646) 424-0770
  fax (646) 424-0880

  Joryn Jenkins
  JORYN JENKINS & ASSOCIATES
  3839 West Kennedy Boulevard
  Tampa, FL  33609
  ph. (813) 870-3839
  fax (813) 877-3839

      For Defendants:

      H. William Larson
      LARSON & LARSON, P.A.
      11199 69th Street North
      Largo, FL  33773
      ph. (727) 546-0660
      fax (727) 545-1595

      7.    Subject to the provisions of paragraph 8 herein. Confidential Information designated "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" may be disclosed only to the following persons:

      (a)    the Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

      (b)    independent experts or consultants of the receiving party who are not and have not been an employee of a party or of an affiliated company of a party and who have been retained by counsel to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

      (c)    in-house counsel for the receiving party who shall be identified to the producing party; and

      (d)    the parties' counsel of record as specifically set forth in paragraph 6(e) above, and any other counsel for a party that appears in this action, and their paralegal assistants, law clerks, stenographic and clerical employees who are assisting in the prosecution, defense and/or appeal of this action.

      8.    No Confidential Information shall be revealed or disclosed, in whole or in part, directly or indirectly, to any individual described in paragraphs 6(b), 6(c) or 7(b) until that individual has been given a copy of this Order and has duly completed and signed an undertaking

in the form attached hereto as Exhibit A, the original of which shall be retained, until the conclusion of this action including all appeals, by counsel for each party who intends to or does disclose to such individual any Confidential Information, and a copy of which shall be provided by facsimile to counsel for the producing party at least ten (10) business days prior to any disclosure. The producing party shall have ten (10) business days from the date of receipt of the undertaking in which to object in writing to the proposed disclosure. If the parties are unable to resolve any dispute with regard to the proposed disclosure within five (5) days of such written objection timely given by the producing party, the receiving party may seek a ruling from the Court, and no disclosure to that individual shall occur until the issue is decided by the Court.

       9.       It is the intention of this Protective Order that the following categories of information should not be designated as Confidential Information, and that this Order should not be construed as governing or affecting a party's use or disclosure of: (a) any information that at the time of its disclosure in this action is part of the public domain by reason of publication or otherwise; (b) any information that after its disclosure in this action has become part of the public domain by reason of prior publication or otherwise through no act, omission or fault of the receiving party; (c) any information that at the time of its disclosure in this action is rightfully in the possession of the receiving party, its trial counsel or any expert retained by or for the receiving party under no obligations of confidence to any third party with respect to that information; or (d) any information that after its disclosure in this action is rightfully received by the receiving party, its trial counsel or any expert retained by or for the receiving party under no obligations of confidence or otherwise from any third party having the right to make such disclosure. During the pendency of this action, any disputes as to whether information is confidential under the terms of this **Order** shall be resolved according to the procedure set forth in paragraph 10 hereof.

  10. A party shall not be obligated to challenge the propriety of any Confidential Information designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto or constitute an admission that such designation was proper. In the event that any party to this action disagrees at any stage of this action with such designation, such party shall provide to the producing party written notice of its disagreement with the designation. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court no sooner than five (5) days following the service of the written notice of disagreement. The burden of proving that information has been properly designated as "CONFIDENTIAL" or "CONFIDENTIAL -- FOR ATTORNEYS' EYES ONLY" is on the party making such designation. Until a determination by the Court, the information in issue shall be treated as "CONFIDENTIAL" or, if so designated by the producing party, "CONFIDENTIAL -FOR ATTORNEYS' EYES ONLY" and subject to the terms of this Order. Any failure to object to any material being designated as "Confidential or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" shall not be construed as an admission by any non-designating party that the material constitutes or contains a trade secret or other Confidential Information.

  11. A person receiving Confidential Information shall not disclose such information to any person who is not entitled to receive such information under this Order. If Confidential Information is disclosed to any person not entitled to receive disclosure of such information under this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the producing party and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort to retrieve such material and to prevent further disclosure by it or by the person who received such information.

12. Any party or deponent shall have the right to exclude from attendance at a deposition any person other than the deponent, the deponent's attorney, and persons described in subparagraph 6(a) through 6(e). When discovery material designated "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" is the subject of examination, persons described in subparagraph 6(c) may be excluded by any party or the deponent. Nothing herein shall preclude the use of any document or information produced in this action by a party to question a witness at a deposition, if the witness is an employee, former employee, or expert of the producing party; provided, however, that a former employee shall not be shown Confidential Information that is dated after he or she left the employ of the producing party until said former employee signs and delivers to the producing party the undertaking in the form of Exhibit A hereto.

13. No copy of any transcript of any deposition or any deposition exhibit which is designated in part or in whole as disclosing Confidential Information will be furnished by the reporter to any person other than counsel of record for the parties.

14. If material designated as Confidential Information is made of record in the proceeding, it shall be submitted to the Court in a separate sealed envelope or other sealed container bearing the following label:

> FILED UNDER SEAL SUBJECT TO PROTECTIVE ORDER
> The materials contained in this envelope have been designated confidential, pursuant to a protective order, and are not to be disclosed or revealed except to the Court and counsel for the parties, or by order of the Court.

The envelope or container shall also bear the caption of this matter and an indication of the nature of the contents of the container (i.e. "Plaintiff's Answers to Defendants' Interrogatories 1 and 3," "Pages 22-26 From the Discovery Deposition of John Doe, " etc.).

In the event that the Court disallows a filing sealed according to this paragraph, the parties shall resolve the confidential designation of the information in the filing according to paragraph 10.

15.     (a)     Any access, possession, use, testing, inspection, study or copying by either party of any information and materials designated as containing or disclosing Confidential Information will not constitute a concession that the information and materials are in fact confidential.

(b)     If, subsequent to the acceptance of any information and materials which are designated Confidential Information, the receiving party objects to such designation, the receiving party will serve a written notice of objection on the producing party and request a change of designation. If the producing party refuses the request, or if resolution is not achieved within a reasonable time (which normally should not exceed fifteen (15) days after service of the notice), then the receiving party may file a motion with the Court for an order ruling that the Confidential Information in issue does not warrant protection.

(c)     This Protective Order shall not prevent either party from applying to the Court for relief from or modification of any of its provisions. Further, counsel for either party is not precluded from requesting access, possession, use, testing, inspection, study or copying of any information and materials designated as containing or disclosing Confidential Information by a person or category of persons not included in paragraph 6 or from moving for such access, possession, use, testing, inspection, study or copying if such request is refused.

16.     This Protective Order shall not prevent either party from opposing production of any information in response to a discovery request for any reason.

17.     After final termination of this proceeding, all Confidential Information (except those in the files of the Court) shall be returned to the party that provided it in discovery, or, at

the option of the producing party, be destroyed within sixty (60) days of the final disposition of this action (including appeals) and the producing party shall be promptly notified that all such information and materials have been returned or destroyed. To the extent that any document has been filed under seal with the Court pursuant hereto, such document shall be retrieved by the party seeking to maintain the confidentiality of such document within sixty (60) days of said final disposition.

18. In the event any other party is added or substituted into this case, or in the event any non-party is called upon to produce information which it reasonably believes constitutes or discloses trade secrets, commercial information, or other information which it is entitled to maintain in confidence, such added or substituted party or non-party may elect to become subject to the terms of this Protective Order by serving a notice of its election on counsel for each party. After service of such a notice of election, this Protective Order will be binding on and inure to the benefit of such added or substituted party or non-party.

| | |
|---|---|
| **LARSON & LARSON, P.A.**<br>11199 69th Street North<br>Largo, FL  33773<br>Tel. (727) 546-0660<br>Fax (727) 545-1595<br>Trial Counsel for Defendants | **SCHWEITZER CORNMAN**<br>**GROSS & BONDELL LLP**<br>292 Madison Avenue – 19th Floor<br>New York, New York  10017<br>Tel. (646) 424-0770<br>Fax (646) 424-0880<br>Trial Counsel for Plaintiff |
| By:   s/H. William Larson<br>         H. William Larson | By:    s/Fritz L. Schweitzer<br>          Fritz L. Schweitzer III (FS4103) |

STIPULATION AND PROTECTIVE ORDER

The undersigned, _____, hereby acknowledges that he or she has read the Protective Order entered in connection with the case of FRENCH v. TWISTED SISTERS, INC., ET AL., that he or she understands the provisions relating to the disclosure or use of confidential information received under the Protective Order, and that he or she agrees to be bound by all provisions of the aforesaid Order.

_____

Dated: _____

**EXHIBIT A**